**FILED**
**May 27, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Michael A. Cofield and Karen A.
Cofield,
Plaintiffs Below, Petitioners

vs.) No. 21-0164 (Tyler County 20-C16H)

Antero Resources Corporation, et al.,
Defendants Below, Respondents

**MEMORANDUM DECISION**

Petitioners Michael A. Cofield and Karen A. Cofield ("the Cofields"), by counsel Howard M. Persinger III, appeal the order of the Circuit Court of Tyler County, entered on February 2, 2021, granting respondents' motion to dismiss the first amended complaint. Respondent Antero Resources Corporation ("Antero") appears by counsel Ancil G. Ramey, W. Henry Lawrence, and Justin A. Rubenstein. Respondents David Beem, Tyrone L. Beem, Todd W. Deem, Craig E. Beef, and Shelly M. Stubblefield ("the Beems") appear by counsel Edmund L. Wagoner.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The Cofields filed a complaint in the Circuit Court of Tyler County in 2020, asserting that they jointly own a one-quarter interest in the minerals underlying a fifty-acre tract of land in Tyler County, obtained in a sale of delinquent tax properties by deed made in June of 2019. The tract was described in a deed executed in 1915, from J.B. Riggs and E.C. Riggs to L.A. and E.E. Riggs ("the Riggs deed"). The Riggs deed, attached to the complaint, provided in part:

That for and in consideration of Fifty five hundred dollars the receipt of which is hereby acknowledged, *and the following described reserves in and under property hereby conveyed, consisting of all the gas and royalty in the fifty acres west of County road, and One half of all gas and Oil royalty in the two hundred and fifty acres East of _____ county road, for a period of twenty years from the date of this deed;* and it is further agreed that the parties of first part reserve the rights and

1

privileges contained in lease now owned and operated by PureOil Co. west of Co. road and also the lease that the Carnegie Co. now hold on One hundred and twenty five acres East of Co. road, and also one church lot and one cemetery lot. . . .

(Emphasis added; syntax in original.)

The parties' dispute arose when the Cofields approached Antero after obtaining the deed and offered to lease mineral rights, but Antero informed them that it already produces natural gas from the tract (as well as from the two-hundred-fifty-acre tract also mentioned in the Riggs deed) under a lease granted to it by the Beems, who are successors-in-interest to the Riggs deed grantees.[1] The Cofields' complaint sought clarification of ownership.

The case comes before us on the Cofields' appeal of the circuit court's order granting a motion to dismiss the complaint, filed by Antero pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. In its order granting that motion, the circuit court found that the twenty-year reservation of the gas royalty in the Riggs deed applied to both the fifty-acre tract (in which the Cofields claim interest) and the two-hundred-fifty-acre tract also described in the deed. On appeal, the Cofields assert two assignments of error. They argue, first, that the Riggs deed is unambiguous and the circuit court erred in concluding that the twenty-year reservation applied to both tracts, rather than solely to the two-hundred-fifty-acre tract that is mentioned immediately prior to the reservation. They argue, second, that the circuit court failed to presume all allegations in the complaint in favor of the Cofields, thus violating the standards under which the circuit court is obligated to consider a motion to dismiss. We are asked to review the grant of a motion to dismiss, we do so on a de novo basis. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

We agree with the Cofields that the deed language is unambiguous, but we disagree with their inventive interpretation. "The mere fact that parties do not agree to the construction of a contract does not render it ambiguous. The question as to whether a contract is ambiguous is a question of law to be determined by the court." Syl. Pt. 1, *Berkeley Cnty. Pub. Serv. Dist. v. Vitro Corp. of Am.*, 152 W. Va. 252, 162 S.E.2d 189 (1968). The circuit court found the contractual language plain and unambiguous. We agree that where the conveyance described "reserves in and under property hereby reserved[,]" without qualification, and the conveyance went on to use the conjunctive "and" to link the fifty-acre tract and the two-hundred-fifty-acre tract when describing the reserves, it is apparent that the deed intended to create a reservation of certain mineral rights under all of the surface property conveyed. We find no error in the circuit court's reading of the deed. Nor do we find error in the circuit court's interpretation of the deed which the Cofields assert, in their second assignment of error, is deficient for failure to make assumptions in favor of the Cofields and apply certain rules of construction to interpret the deed. The deed required the application of no constructive rules because "[d]eed words that are not ambiguous should not be construed." *McDonough Co. v. E.I. DuPont DeNemours & Co.*, 167 W. Va. 611, 613, 280 S.E.2d 246, 247 (1981) (citing *Bruen v. Thaxton*, 126 W.Va. 330, 28 S.E.2d 59 (1943)).

---

[1]We note that "[d]eed reservations are strictly construed against a grantor and in favor of a grantee." Syl. Pt. 2, *McDonough Co. v. E.I. DuPont DeNemours & Co.*, 167 W. Va. 611, 280 S.E.2d 246 (1981).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 27, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**DISQUALIFIED:**

Justice C. Haley Bunn